**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEONARD HUTCHINSON** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:16-1784** |
| **v.** | : | **(JUDGE MANNION)** |
| **MCGINNELY, et al.** | : | |
| **Respondent** | : | |

## ORDER

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Martin C. Carlson (Doc. 11), which recommends that the petition for writ of habeas corpus (Doc. 1) filed in the above-captioned matter be denied. Neither party has filed objections to the Report. Upon review of the Report and related materials, the Report of Judge Carlson will be adopted in its entirety.

When no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern. Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether

timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.3.

The petitioner, Leonard Hutchinson ("Hutchinson"), is a prisoner currently confined at the State Correctional Institution in Coal Township, Pennsylvania. Hutchinson has been released from prison on parole numerous times since he was originally convicted of rape and involuntary deviate sexual intercourse in 1978. Since the last time Hutchinson was recommitted to prison in 1995, the Board of Parole ("Board") has reviewed and denied Hutchinson parole at least sixteen times.

Hutchinson brings the current petition challenging the Board's decision in his most recent denial of parole in 2016. Hutchinson "claims that the Board's decision violated the Fifth Amendment because the Board used as one of its factors in denying him parole his 'lack of insight into his sex offense.'" (Doc. 11, at 3) (citing Doc. 1, at 6). "Hutchinson argues that he is entitled to habeas relief under two theories." (Doc. 11, at 5).

First, Hutchinson alleges that the Board violated his right against self-incrimination guaranteed by the Fifth Amendment. Judge Carlson points to a decision by the Third Circuit Court of Appeals that completely disarms this claim. (Doc. 11, at 11). In *Roman v. DiGuglielmo*, 675 F.3d 204, 214, (3d Cir.

2012), the Court held that repeatedly denying parole for refusing to participate in sex offender rehabilitation does not violate the Fifth Amendment. (Doc. 11, at 11-12). In their decision, the Third Circuit noted that the requirement of accepting responsibility did not alter or enhance sentences or impose greater punishment than the original conviction. (Doc. 11, at 11-12) (citing *Roman*, 675 F.3d at 214).

Second, Hutchinson alleges that the Board's decision violated his right to due process. As stated by Judge Carlson, there is no procedural due process right regarding parole and a substantive due process violation requires something "conscience shocking" or "deliberately indifferent." (Doc. 11, at 8) (quoting *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002) (citations omitted). This court agrees with Judge Carlson: "Hutchinson simply has not made a claim, much less supported it with any evidence, that the [Board's] treatment of his parole requests was so egregious as to be conscious-shocking." (Doc. 11, at 8).

This court finds that Judge Carlson used proper reasoning and evidence to support his Report and arrived at a legally-sound conclusion. As such, Judge Carlson's Report is adopted in its entirety as the opinion of this court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the Report of Judge Carlson (Doc. 11) is **ADOPTED IN ITS ENTIRETY**;

**(2)** the petition for writ of habeas corpus (Doc. 1) is **DENIED**;

**(3)** the court declines to issue a certificate of appealability; and

**(4)** the Clerk of Court is directed to **CLOSE THIS CASE**.


s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 9, 2019**
16-1784-01